IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

KENT D. PARRIS,                                                      PLAINTIFF
# 147109

v.                          2:22CV00229-DPM-JTK

ARKANSAS COUNTY DETENTION
CENTER, et al.                                                       DEFENDANTS

**ORDER**

Kent D. Parris ("Plaintiff") is in custody at the Arkansas County Detention Center. He filed a Motion to Proceed In Forma Pauperis in order to commence a pro se federal civil rights action without prepayment of the $402.00 filing fees and costs. (Doc. No. 3).[1] Plaintiff's Motion (Doc. No. 3) is DENIED because he has not included the required affidavit.

According to the Prison Litigation Reform Act ("PLRA"), **a prisoner who is allowed to file a civil action in forma pauperis still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid, the prisoner is required to submit a certificate and calculation sheet prepared and signed by an

---

[1] Effective December 1, 2020, the civil filing fee increased to $402, due to the implementation of a $52 administrative fee. This $52 fee does not, however, apply to plaintiffs who are granted in forma pauperis status.

authorized official of the incarcerating facility. This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). **The prisoner is also required to submit "an affidavit that includes a statement of all assets such prisoner possesses . . . ." 28 U.S.C. § 1915(a)(1).** The Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

As mentioned above, Plaintiff did not submit the required affidavit. The Court needs the affidavit in ruling on Plaintiff's IFP Motion.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 3) is DENIED without prejudice;

2. Plaintiff must submit the completed affidavit within thirty (30) days of the entry date of this Order.[2] Plaintiff is not required to re-submit his calculation sheet and certificate; and

3. The Clerk of the Court is directed send to Plaintiff an in forma pauperis application.

IT IS SO ORDERED this 18th day of January, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which provides, in part: "If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."